UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Disgrase Felyer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-12493 |
| v. | ) | |
| | ) | Judge April M. Perry |
| City of Chicago, Heller and | ) | |
| Frisone Ltd., Nicholas Frisone, Adam | ) | |
| Pellizzari, Barrister Investigations & | ) | |
| Filings Service, Robert Siller, | ) | |
| Jose Pena, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are motions to dismiss filed by Defendants City of Chicago,[1] Heller and

Frisone Ltd. and its employees Nicholas Frisone and Adam Pellizzari ("Heller"), and Barrister

Investigations & Filings Service, Inc. and its employees Robert Siller and Jose Pena

("Barrister"). Defendants each advance arguments under Rules 12(b)(6) and 12(b)(1), arguing

that the complaint fails to state a claim and that the Court is without subject matter jurisdiction.

For the reasons that follow, the Court grants the motions to dismiss.

## BACKGROUND[2]

On December 7, 2022, the City of Chicago, represented by law firm Heller, filed a

Registration of Judgment in Cook County Circuit Court for a judgment against Plaintiff it had

---

[1] Defendant Mary Richardson-Lowry, Corporation Counsel of the City of Chicago, was replaced with Defendant City of Chicago in the amended complaint. Doc. 26. The Clerk of Court is directed to amend the docket to replace Richardson-Lowry with the City of Chicago.

[2] The following facts are drawn from the allegations in Plaintiff's amended complaint, which for the purposes of this motion the Court accepts as true, drawing all reasonable inferences in Plaintiff's favor. *See Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007). Where appropriate, the allegations in Plaintiff's complaint are supplemented with additional facts included in Plaintiff's briefs. Normally, the Court would confine its assessment of the factual allegations supporting a plaintiff's claims to only those allegations contained within the operative

obtained years earlier in the City of Chicago Department of Administrative Hearings. Doc. 26 at 5; Doc. 37-1 at 2. Barrister, a licensed detective agency with "expertise in tracking down persons and performing service," Doc. 41 at 1, was hired to serve Plaintiff. Despite the fact that Plaintiff's address was current with the Illinois Secretary of State, Barrister did not attempt service at that address, instead attempting service six times at Plaintiff's previous address. Doc. 26 at 5; Doc. 41 at 1. As a result, Plaintiff never received service. *Id.*[3] Plaintiff also alleges that Barrister failed to get permission from the court to serve Plaintiff. Doc. 26 at 6.

As to Heller, Plaintiff alleges they too caused him not to be served. Doc. 43 at 1. Plaintiff alleges that during the registration-of-judgment proceedings, attorney Nick Frisone was the sole shareholder of Heller. *Id.* at 2. Frisone appeared as counsel in a different case involving Plaintiff, and "dealt with Plaintiff directly throughout the case," emailing Plaintiff twice in June 2023. *Id.* Yet Frisone never told Plaintiff about the registration-of-judgment action. *Id.* Nor did Frisone move for electronic service of process via email, though state law allowed for such service. *Id.* Plaintiff alleges that Heller is "an expert in debt collection and has undoubtedly filed and tried many registrations of judgments." *Id.* Plaintiff also alleges that through its contract with the City of Chicago, Heller receives part of the money that the City gets in bank levies. Doc. 40 at 5.

On September 13, 2023, Plaintiff received an email from his bank stating that his account was overdrawn. Doc. 40 at 3. Plaintiff spoke with a bank representative and was informed that

---

pleading. However, in the Seventh Circuit, "facts alleged by a [*pro se*] plaintiff in a brief in opposition to a motion to dismiss may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (internal quotation omitted). The Court also considers public records which are referenced in the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that when deciding a motion to dismiss, courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

[3] In addition to not being served with notice of the proceedings, Plaintiff also alleges that he was never served with an Income and Asset Form, a Citation Notice, or a Citation to Discover Assets, in violation of several Illinois state laws. Doc. 26 at 5-7.

the negative balance was because the bank had been instructed to withdraw thousands of dollars from Plaintiff's account. *Id.* Though the bank would not tell Plaintiff who withdrew the money from his account, the bank gave Plaintiff a number to call, and that number was Heller's. *Id.* at 3–4. In total, Plaintiff lost $2,673.85. *Id.*

One month later, on October 13, 2023, the City of Chicago obtained a Turn Over Order instructing Plaintiff's bank to turn over $2,673.85 to the City of Chicago. Doc. 37-2. In December 2024, Plaintiff filed a petition to vacate that judgment in state court, arguing that he never received proper "service, notice, and process" of the proceedings and "never received due process." Doc. 33-10 at 1, 3–5; Doc. 43 at 3. The Circuit Court struck the motion as improperly filed before it. Doc. 33-11.

Plaintiff filed the present suit on December 5, 2024. Doc. 1. Plaintiff advances several causes of action, including violations of several provisions of Illinois state law and his right to due process. Doc. 26. Plaintiff seeks relief in the form of damages for "all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant" along with punitive damages. *Id.* at 8.

## LEGAL STANDARD

Under Rule 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

When a motion to dismiss raises both a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) as well as other Rule 12(b) defenses, the court should consider the Rule 12(b)(1) challenge first. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). The standard for evaluating a Rule 12(b)(1) motion depends on whether the defendant raises a facial or factual challenge. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A "facial challenge argues that the plaintiff has not sufficiently '*alleged* a basis of subject matter jurisdiction.'" *Id*. In contrast, a "factual challenge contends that 'there is *in fact* no subject matter jurisdiction,' even if the pleadings are formally sufficient." *Id*. Here, Defendants assert a factual challenge.

Plaintiff is proceeding *pro se*. "A document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). At the same time, if a court "is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research" or try to make up arguments for them. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

## ANALYSIS

The Court begins with Defendants' argument that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal district courts from acting

like appellate courts, reviewing state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Congress granted appellate jurisdiction over state court proceedings exclusively to the United States Supreme Court, and district courts do not have jurisdiction to entertain suits designed to "review and reverse unfavorable state-court judgments." *Id.* The Seventh Circuit recently clarified the four elements that must be present for the doctrine to apply.

> *First*, the federal plaintiff must have been a state-court loser.
> *Second*, the state-court judgment must have become final before
> the federal proceedings began. *Third*, the state-court judgment
> must have caused the alleged injury underlying the federal claim.
> *Fourth*, the claim must invite the federal district court to review
> and reject the state-court judgment.

*Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1167 (2025). Lastly, in the Seventh Circuit, the *Rooker-Feldman* doctrine "does not apply to bar jurisdiction over a plaintiff's federal claim if she did not have a reasonable opportunity to raise her federal issues in the state courts." *Id.*

Each Defendant argues that *Rooker-Feldman* applies, but none argue all of the *Gilbank* elements. In reply, Plaintiff essentially argues that Defendants have waived the argument and failed to carry their burden. But on a 12(b)(1) motion to dismiss, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). Moreover, subject matter jurisdiction "can never be waived or forfeited," and the Court has an independent duty to assure its jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Therefore, the Court proceeds to the analysis required by *Gilbank*.

The first and second elements are easily met here: Plaintiff lost in state court when the Turn Over Order instructed that funds from his bank account be given to the City, and that order

was final before Plaintiff initiated this suit. Moreover, the third element is also met, for the reasons set forth in *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286 (7th Cir. 2007). In *Beth-El*, the City of Chicago obtained a deed to a property based upon unpaid taxes on that property by filing a petition in the state circuit court. *Id*. at 287–88. Beth-El, the property owner, had a right to notice of the proceedings and the opportunity to buy back the property by satisfying the delinquent taxes, but the City misaddressed notice of the proceedings to the wrong address. *Id*. at 288. Beth-El was therefore never notified, missed its chance to recover the property, and the state court issued the City a deed on the understanding that notice had properly been served. *Id*. When Beth-El brought suit in federal court raising a procedural due process claim, the Seventh Circuit held that the *Rooker-Feldman* doctrine barred the federal claim. It found that "Beth–El's injury was caused by—and its federal due-process claim arises directly out of—the tax deed judgment." *Id*. at 292. In support of this conclusion, it noted that Beth-El had "never identified any injury separate from the tax deed judgment." *Id*. For support, it cited *Long v. Shorebank Development Corporation*, 182 F.3d 548 (7th Cir. 1999).

*Long* involved a state court eviction case, and the plaintiff's argument that her due process rights had been violated because the eviction action had been premised on false statements by defendants. *Id*. at 557. The Seventh Circuit distinguished between the plaintiff's claim that "defendants deprived her of her property without due process" during the eviction action, which injuries the Court determined stemmed from the eviction order, and the claim that defendants had served the plaintiff with a complaint containing false accusations, which violated the Fair Debt Collections Practices Act. *Id*. The former injuries "were complete only when the Circuit Court entered the eviction order" and therefore were barred by *Rooker-Feldman*. *Id*.

However, the latter were "independent of and complete prior to the entry of the eviction order" and therefore were not barred by *Rooker-Feldman. Id.* at 557–58.

Here, Plaintiff's due process injuries occurred only when the Circuit Court entered the Turn Over Order without Plaintiff having received appropriate notice of the proceeding. As alleged in the complaint, Plaintiff's injury is directly linked to the Turn Over Order. Doc. 26 at 4 ("As a result of defendant's conduct, plaintiff was injured as follows: On 10/13/2023 City of Chicago obtained a Turn Over Order from Cook County Circuit Court for $2,673.85."). Moreover, Plaintiff does not allege that Defendants' conduct also injured him under some other federal law. Because it was the state court judgment that caused Plaintiff's injury, the third *Gilbank* element is satisfied.[4]

Finally, the fourth *Gilbank* element is also met. Although Plaintiff claims that he is not seeking to vacate the state court Turn Over Order, his only valid claim for damages relies upon that order being invalidated. To the extent Plaintiff alleges that he is entitled to $50,000 in damages for each of the six unsuccessful attempts to serve him, there is no valid cause of action or injury that arises from those actions. Moreover, Plaintiff concedes he is seeking review in this Court because he does not want to seek review in state court, arguing that "Plaintiff has the right to file his case in whichever court best suits his situation" and that the "state court clearly showed no concern for personal jurisdiction" and it "would be better for all parties for a more professional court to decide the due process claims." Doc. 43 at 5. But this is precisely the kind of forum shopping *Rooker-Feldman* forbids: "[L]itigants who feel a state proceeding has violated

---

[4] Plaintiff alleges that such conduct violated several state laws, but if state law is the only source of Plaintiff's injuries, then this Court would not have jurisdiction for separate reasons. *See generally*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Moreover, it "has been clear for decades that noncompliance with state law is not itself a deprivation of due process of law." *Vargas v. Cook Cnty. Sheriff's Merit Bd.*, 952 F.3d 871, 875 (7th Cir. 2020).

their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996); *GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993) (emphasizing respect due to state courts).

With all four elements met, the Court last asks whether Plaintiff had a reasonable opportunity to raise his due process claim in state court, and concludes that he did. In Illinois, "[v]oid judgments may be attacked at any time." *Beth-El*, 486 F.3d at 293; *see also*, *e.g.*, *Long*, 182 F.3d at 558 ("It is not enough for Long to say that because she was kept away from the Circuit Court eviction proceeding by the defendants' chicanery, she was denied a reasonable opportunity to raise her claims before the Circuit Court."). Moreover, Plaintiff has challenged this Turn Over Order in various state court cases. *See, e.g.,* Doc. 33-12 (complaint for "illegally obtaining a judgment to remove $2,673.85 from his bank account"); Doc. 33-10 (petition to vacate judgment).

Having concluded that all four elements of *Rooker-Feldman* are met, and that Plaintiff also had a reasonable opportunity to raise his due process claim in state court, the Court concludes that it is without subject matter jurisdiction. Because the Court does not have jurisdiction over Plaintiff's claims, it does not address Defendants' remaining arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice. Plaintiff is given leave to file an amended complaint by December 13, 2025, only if Plaintiff can state a plausible federal claim that does not arise from the October 2023 Turn Over Order.

Dated: November 13, 2025

_____
APRIL M. PERRY
United States District Judge